**XIAO CHUN DAI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 07–3946–ag.**

United States Court of Appeals, Second Circuit.

Nov. 4, 2008.

See also 202 Fed.Appx. 525.

Vlad Kuzmin, Kuzmin & Associates, P.C., New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Mary Jane Candaux, Assistant Director, Rosanne M. Perry, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

**98**

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Xiao Chun Dai, a native and citizen of China, seeks review of an August 17, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Xiao Chun Dai,* No. A76 097 658 (B.I.A. Aug. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (per curiam) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

■ Here, we conclude that the BIA did not abuse its discretion in finding that Dai failed to establish *prima facie* eligibility for the underlying relief she sought. *See Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005). In her motion, Dai asserted that the evidence she submitted corroborated her claim that she was forcibly sterilized due to her violation of China's family planning policy. As the BIA noted, however, the IJ had primarily found Dai's testimony not credible, including her assertion that she was forcibly sterilized. The BIA affirmed that credibility finding, and we denied Dai's petition for review of that order. *See* U.S.C.A. Dkt. 04–1286–ag at 10/27/06 Entry. As we have held, the BIA may deny a motion to reopen which fails to overcome a prior adverse credibility determination. *See Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (per curiam); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147–48 (2d Cir.2007). Thus, we find no abuse of discretion in the BIA's denial of Dai's motion to reopen to the extent that it was based on her alleged forced sterilization.

■ The BIA also did not abuse its discretion in finding that Dai failed to establish her *prima facie* eligibility for relief based on her illegal departure from China. As the BIA found, several of the documents Dai submitted indicated that returnees are normally subject to only fines and short periods of detention unless they have been identified as organizers or enforcers of illegal trafficking. Indeed, as the BIA properly found, the village notice Dai submitted indicated only that she would be subject to a fine upon return. Dai does not contend that such fine would amount to persecution.

Moreover, the BIA reasonably found that while the Amnesty International report in the record indicated that some detainees in China are tortured, that evidence failed to demonstrate that Dai, as a first-time returnee, was likely to be subject to torture. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005) (holding that the agency does not err in finding that a petitioner is not "entitled to CAT protection based *solely* on the fact that she is part of the large class of persons who have illegally departed China"); *see also Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). While Dai argues that the BIA failed to adequately evaluate the evidence she submitted, she has failed to identify any significant documents that the agency failed to consider demonstrating that she would be persecuted or tortured for illegally departing China. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (holding that this Court does not require the agency to "expressly parse or refute on the record each individual argument or piece of evidence offered" (internal citations omitted)).

The BIA's finding that Dai failed to establish *prima facie* eligibility for the underlying relief she sought was dispositive of her motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).